UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ORLONZO HEDRINGTON,

Plaintiff,

v.

UNITED STATES OF AMERICA, *et al.*,

Defendants.

Case No.  2:24-cv-3541-DJC-JDP (PS)

ORDER; FINDINGS AND RECOMMENDATIONS

Plaintiff brought this action alleging that defendants violated his rights in connection with an incident in which he was allegedly drugged and assaulted at David Grant Medical Center. ECF No. 1 at 3.  Defendant City of Fairfield ("City")[1] has filed a motion seeking to have plaintiff declared vexatious.  ECF No. 16.  The United States has joined it, ECF No. 21, plaintiff has opposed it, ECF No. 23, and the City has filed a reply in support of the motion, ECF No. 25.  For the reasons stated hereafter, I recommend that the motion be granted and that plaintiff be required to post bond before being allowed to pursue any further litigation related to the claims raised in this lawsuit.

Additionally, I recommend that defendants City and Castillo Moriarty Robinson's motion

---

[1] The City states that plaintiff's naming of the Fairfield Police Department was erroneous, and that it is the proper defendant.  ECF No. 16 at 1-2.

1

to dismiss, ECF No. 15, be granted and plaintiff's attempted service quashed. If these recommendations are adopted, he should be directed to accomplish proper service within twenty-eight days of any order adopting these recommendations.

Finally, plaintiff has filed several frivolous motions, which are summarily denied as frivolous.[2]

Motion to Deem Plaintiff Vexatious

I.      Legal Standard

District courts may, when necessary, issue pre-filing orders that restrict a litigant's ability to file new cases. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) ("We recognize that there is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.") (internal quotation marks omitted). While the imposition of such orders is rare, and an extreme remedy, they are appropriate where a litigant has repeatedly and flagrantly abused the judicial process. *Id.* at 1148 ("Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants.").

This district has adopted the provisions of Title 3A, part 2 of the California Code of Civil Procedure regarding vexatious litigants. Those provisions define a vexatious litigant as:

> (1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been finally determined adversely to the person or . . . .

---

[2] Plaintiff has also filed several frivolous motions, which are summarily denied. Specifically, plaintiff has filed three motions to vacate judgment and for entry of default judgment, ECF Nos. 26, 30, & 58; a motion to hold a default hearing and set aside judgment, ECF No. 54; three additional motion seeking relief from judgment, ECF Nos. 28, 46, & 47; a "Motion to Challenge Certification of the Federal Defendants," ECF No. 38; a motion to disqualify defense counsel, ECF No. 41; a motion to dismiss defendants' vexatious litigant motion, ECF No. 45; two motion to amend the complaint, ECF Nos. 39 & 59; a motion to lift stay, ECF No. 60; and a motion to reopen motions, ECF No. 63. Each of these motions is frivolous. Judgment has not been entered, the case has not been stayed, plaintiff has failed to show that he properly served defendants, and he has provided no basis for amendment.

2

(2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.

(3) In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.

Cal. Code Civ. Pro. § 391(b).

California's vexatious litigant statutes provide "two distinct and complementary sets of remedies." *Shalant v. Girardi*, 51 Cal. 4th 1164, 1169 (2011).  First, the court can require a plaintiff to furnish security to "assure payment . . . of the [defendant's] reasonable expenses, including attorney's fees . . . incurred in or in connection with a litigation instituted . . . by a vexatious litigant." Cal. Civ. Proc. Code § 391.1.  If the plaintiff fails to furnish the security, the action will be dismissed. *Shalant*, 51 Cal. 4th at 1170 (citing Cal. Code Civ. P. § 391.4).  In addition to requiring security, the court may also enter a prefiling order that prevents a plaintiff from filing any new action *in propria persona* without first obtaining leave of court. *Id.* (citing Cal. Civ. Proc. Code § 391.7).  Pursuant to federal law, before declaring a litigant vexatious, a court must: provide him with (1) an opportunity to be heard, (2) create an adequate record for review, (3) make substantive findings as to the frivolousness of the litigant's actions, and (4) ensure its pre-filing order is narrowly tailored to address the specific form of abuse engaged in by the litigant. *De Long*, 912 F.2d at 1147-48.

II.    Analysis

Defendant relies on a motion to deem plaintiff vexatious that was filed in an older, now-closed case. ECF No. 16-1 at 1-2.  It requests that I take judicial notice of this older filing, and of various other court filings associated with that previous motion to declare vexatious, all of which are attached as exhibits to the current motion, ECF No. 16-2; I will do so. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice

3

of court filings and other matters of public record."). For the reasons that follow, defendant's motion should be granted.

A. An Opportunity to be Heard

The first element is met because plaintiff was served with defendant's motion and has filed an opposition, ECF No. 23. *See Kelmar v. Bank of Am. Corp.*, 599 F. App'x 806, 807 (9th Cir. 2015) (opportunity to be heard was satisfied where "the district court gave [the litigant] an opportunity to oppose entry of the vexatious litigant order").

B. Adequate Record for Review

"An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *De Long*, 912 F.2d at 1147. Plaintiff has brought claims based on the same set of allegations against the City at least five times (not including the instant case):

(1) The first relevant lawsuit is *Hedrington v. County of Solano*, 2:21-cv-0414-KJM-SCR. Plaintiff initially brought this case in the Solano County Superior Court, but defendants removed it to this district. As in each of the cases that follows (and the action at bar), plaintiff alleges that he was sexually assaulted at David Grant Medical Center and that the City (through its police department) was responsible. *See* 2:21-cv-0414-KJM-SCR at ECF No. 1-1. Defendants David Grant Medical Center and the United States won summary judgment on December 15, 2021, and the district judge declined to exercise supplemental jurisdiction over plaintiff's state law claims. *Id.* at ECF Nos. 35 & 41. The state law claims were then dismissed without leave to amend by the state court. ECF No. 16-3 at 45-47. Plaintiff continued to file in *Hedrington v. County of Solano*, 2:21-cv-0414-KJM-SCR, however, going so far as to file an appeal with the Ninth Circuit. *Id.* at ECF Nos. 65, 68, & 81. Indeed, plaintiff has filed motions in that case as recently as December 2, 2025. *Id.* at ECF No. 95. None of his filings succeeded, and that case remains closed.

(2) The second relevant lawsuit is *Hedrington v. David Grant Medical Center*, 2:22-cv-0074-KJM-DB. As before, plaintiff alleged that defendants (including the City, through its police department) were involved in covering up his sexual assault at David Grant Medical Center.

4

2:22-cv-0074-KJM-DB at ECF No. 1.  The complaint was dismissed without leave to amend both for failure to state a claim and as time-barred.  *Id.* at ECF Nos. 62 & 74.

(3) Plaintiff filed another lawsuit based on the same claim in *Hedrington v. David Grant Medical Center*, 2:23-cv-0801-TLN-CKD.  Once again, the allegations are substantively the same as the prior cases.  2:23-cv-0801-TLN-CKD at ECF No. 1 at 9.  Plaintiff's claims against the City were dismissed on the basis of *res judicata*.  *Id.* at ECF Nos. 53 & 62.

(4) Plaintiff brought these claims again in *Hedrington v. USA*, 1:24-cv-0497-KES-SKO at ECF No. 1.  The complaint was dismissed without leave to amend.  *Id.* at ECF No. 24.

(5) Plaintiff raised the same claims in *Hedrington v. USA*, 2:24-cv-1224-DAD-SCR at ECF No. 1 at 6 (alleging false police reports used to cover up the sexual assault perpetrated against him).  This case was dismissed without leave to amend.  *Id.* at ECF No. 72.

C.  Frivolousness of the Actions

Plaintiff's repeated litigation of the same claim is plainly frivolous.  The litigative outcomes have been adverse to him in every case he has filed with respect to these claims, and yet he continues to raise them again and again, forcing the City to expend resources defending itself.  *See Barroga v. Bd. of Admin., Cal. Pub. Emples. Ret. Sys.*, No. 2:19-cv-0921-MCE-KJN PS, 2019 U.S. Dist. LEXIS 153430, *19 (E.D. Cal. Sept. 9, 2019) (noting that "unending attempts to relitigate this same claim is a textbook example of frivolousness").

D.  Narrowly Tailore Pre-Filing Order

The pre-filing order suggested by the City, which I will recommend be adopted, is narrowly tailored to prevent plaintiff from filing "the type of claims [he] had been filing vexatiously," and "because it will not deny [him] access to courts on any . . . claim that is not frivolous."  *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1061 (9th Cir. 2007).  It provides that plaintiff may not a new case *in propria persona* in this district against the City, the Fairfield Police Department, or its representatives or agents, without prior approval.  In light of the USA's joinder, that same pre-filing restriction should apply to any action plaintiff attempts to file against the USA.  Plaintiff may still freely access the court to litigate other claims against other defendants, if necessary.

E.  Security

Defendants ask that plaintiff be required to post security in the amount of $70,000.  ECF No. 16 at 4.  If the court finds that "the plaintiff is a vexatious litigant and has no reasonable probability of prevailing against the moving defendant[,] . . . it must order the plaintiff to furnish security 'in such amount and within such time as the court shall fix." *Shalant*, 51 Cal. 4th at 1170 (citing Cal. Civ. Proc. Code § 391.3).  Security is defined as "an undertaking to assure payment, to the party for whose benefit the undertaking is required to be furnished, of the party's reasonable expenses, including attorney's fees and not limited to taxable costs, incurred in or in connection with a litigation instituted caused to be instituted, or maintained or caused to be maintained by a vexatious litigant."  Cal. Civ. Proc. Code § 391(c).

For the reasons detailed above, plaintiff is a vexatious litigant.  Additionally, there is no reasonable possibility that he will prevail on his claims, which are barred under the doctrine of *res judicata*.  Accordingly, plaintiff should be required to furnish security in order to proceed with this action.  However, defendants provide no evidentiary support for their request for a $70,000 security, which seems excessive in comparison to amounts ordered in other cases.  *See, e.g.*, *McColm v. Westwood Park Ass'n*, 62 Cal. App. 4th 1211, 1219 (1998) (sustaining an order for security in the amount of $25,000); *Howell v. Johnson*, No. 2:19-cv-0611 DB P, 2021 WL 3418437, at *13 (E.D. Cal. Aug. 5, 2021) (finding $8,800 a reasonable amount for security); *Fields v. Patterson*, 1:10-cv-01700-LJO-EPG-PC, 2016 WL 1162083, *12 (E.D. Cal. Mar. 2016) (approving the defendant's request for security in the amount of $7,905.00, which was "a conservative estimate of the amount expended to date").

Given that defendants have failed to provide evidentiary support for their request for a $70,000, I find that a more conservative amount is appropriate.  Considering plaintiff's litigious activity, which have required defendants to incur expenses in responding to frivolous motions, I find that security in the amount of $10,000 is appropriate.

Motion to Dismiss

Defendants City and Castillo Moriarty Robinson argue that dismissal under 12(b)(5) argue that plaintiff's attempted service on them was ineffective because he attempted service without a

6

signed acknowledgment of receipt, and (2) he failed to effect personal service as required under Fed. R. Civ. P. 4(e)(2).  ECF No. 15 at 3-4.  Plaintiff's opposition does not offer any substantive argument to the contrary, instead arguing that others are to blame and that defendants have not been prejudiced by his failure.[3]  ECF No. 17 at 2.  Accordingly, I find that quashing the service and requiring plaintiff to properly re-serve these defendants is proper.

Conclusion

Accordingly, plaintiff's motions filed at ECF Nos. 26, 28, 30, 38, 39, 41, 45, 46, 47, 54, 58, 59, 60, and 63 are DENIED as frivolous.

Further, it is RECOMMENDED that:

1. Defendants' motion to deem plaintiff vexatious, ECF No. 16, be GRANTED.

2. The court enter the following pre-filing order:

(a)  Plaintiff is barred from any future litigation in the United States District Court for the Eastern District of California against City of Fairfield, Fairfield Police Department, and the United States of America without first obtaining leave of court.

(b)  Any future filing by plaintiff in the United States District Court for the Eastern District of California against City of Fairfield, Fairfield Police Department, and the United States of America shall include a declaration, signed under penalty of perjury, that: (1) explains why plaintiff believes he has meritorious claims; (2) certifying that the newly submitted case does not involve arise from the same factual circumstances as the claims alleged in *Hedrington v. County of Solano*, 2:21-cv-0414-KJM-SCR, *Hedrington v. David Grant Medical Center*, 2:22-cv-0074-KJM-DB, *Hedrington v. David Grant Medical Center*, 2:23-cv-0801-TLN-CKD, *Hedrington v. USA*, 1:24-cv-0497-KES-SKO, *Hedrington v. USA*, 2:24-cv-1224-DAD-SCR, and *Hedrington v. USA*, 2:24-cv-3541-DJC-JDP.

(c)  If plaintiff submits a proposed filing that does not comply with these requirements, the Clerk of Court shall lodge, but not file, the document, but the court will not

---

[3] Plaintiff attempted to serve defendants by mail without a signed acknowledgment of receipt, which is insufficient under the Federal Rules of Civil Procedure and California law.  *See* Fed. R. Civ. P. 4(e), Cal. Code Civ. P. § 415.30.

7

review it.  If plaintiff submits a filing that complies with the above requirements, the Clerk of the Court shall open the matter as a miscellaneous case to be considered by the General Duty Judge of this Court.  The General Duty Judge will determine whether the case constitutes frivolous, repetitive, or otherwise barred litigation.  If the General Duty Judge in determines that the proposed lawsuit is frivolous, repetitive, or otherwise barred, he or she will dismiss the action without comment pursuant to the pre-filing order.

(d)  These requirements shall not apply to future filings that are submitted on plaintiff's behalf by a licensed attorney in good standing.

3.  Within fourteen days of any order adopting these findings and recommendations, plaintiff Orlonzo Hedrington be required to post security in the amount $10,000 in order to proceed with this action.

4.  Defendants' motion to dismiss, ECF No. 15, be GRANTED.

5.  Plaintiff be directed to properly serve defendants within twenty-eight days of any order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    January 22, 2026    

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE