UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ORLONZO HEDRINGTON,

Plaintiff,

v.

UNITED STATES OF AMERICA, *et al.*,

Defendants.

Case No.  2:24-cv-3541-DJC-JDP (PS)

ORDER

On February 25, 2026, the court found plaintiff to be a vexatious litigant and ordered plaintiff subject to pre-filing requirements.  ECF No. 77.  In the same order, the court ordered that plaintiff "is required to post security in the amount $10,000 in order to proceed with this action" within fourteen days.  *Id.* at 3.  To date, plaintiff has not posted the required security bond.

To manage its docket effectively, the court imposes deadlines and requires litigants to meet those deadlines.  The court may dismiss a case for plaintiff's failure to prosecute or failure to comply with its orders or local rules.  *See* Fed. R. Civ. P. 41; *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances.").  Involuntary dismissal is a harsh penalty, but the court has a duty to administer justice expeditiously and avoid needless burden for the parties.  *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); Fed. R. Civ. P. 1.

1

Plaintiff will be given an opportunity to explain why the court should not dismiss his case for failure to comply with the February 25, 2026 order.  Plaintiff's failure to respond to this order will constitute a failure to comply with a court order and will result in dismissal of this case. Accordingly, plaintiff must show cause within fourteen days of the date of entry of this order why the court should not dismiss his case for failure to comply with court orders.  Should plaintiff wish to continue with this lawsuit, he shall also, within fourteen days, comply with the court's February 25, 2026 order.

IT IS SO ORDERED.

Dated:    July 9, 2026

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2